IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00799-GPG

NASHON MOMENT,

    Applicant,

v.

SCF WARDEN CHAPELAINE,[1]

    Respondent.

---

ORDER TO FILE PRELIMINARY RESPONSE

---

Applicant Nashon Moment is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the revocation of his parole pursuant to his arrest on November 19, 2014, for a "dirty" UA. ECF No. 5 at 2.

As part of the preliminary consideration of the Application in this case, the Court has determined that a limited Response is appropriate. Respondent Warden Chapelaine is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies that apply either

---

[1] Applicant was instructed in the April 16, 2015 Order that pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the incarcerated person. Therefore, Applicant was directed to name as respondent the custodian of the facility where he is detained. Applicant named his custodian, but the other named respondents are not properly listed as respondents. Only Warden Chapelaine is the properly named respondent and, therefore, is the only listed respondent that will be served with this Order.

to § 2254 actions or to § 2241 actions.  If Respondent Chapelaine does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Response.  Respondent Chapelaine may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Response, Respondent Chapelaine should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Response and provide any information that might be relevant this action and the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely habeas action in this Court, and any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice.  Accordingly, it is

ORDERED that only Warden Chapelaine is to be served with this Order, as he is the custodian of Applicant and the only properly name respondent in this action.  It is

FURTHER ORDERED that **within twenty-one days from the date of this Order** Respondent Chapelaine shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent Chapelaine does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Response.

Dated:  April 29, 2015

BY THE COURT:

 s/Gordon P. Gallagher
United States Magistrate Judge