IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00799-GPG

NASHON MOMENT,

    Applicant,

v.

CDOC,
COLORADO STATE BOARD OF PAROLE,
CPO A. TATE,
CPO K. WALDEN,
BRANDON C. SHAFFER,
REBECCA L. OAKES, and
SCF WARDEN CHAPDELAINE,

    Respondents.

## ORDER OF DISMISSAL

Applicant Nashon Moment is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On April 16, 2015, Magistrate Judge Gordon P. Gallagher directed Applicant to cure certain deficiencies by submitting a certified account statement and naming a proper respondent in the Application.  Applicant filed an Amended Application, ECF No. 5, and a certified account statement, ECF No. 6 at 3-4, on April 28, 2015.  Magistrate Judge Gallagher reviewed the Amended Application, found Applicant is challenging the revocation of his parole, and directed Respondent Warden Chapdelaine, the only

properly named respondent in this action, to file a Preliminary Response to the Application that addresses the affirmative defenses of timeliness and exhaustion of state court remedies.

On June 9, 2015, Respondent filed a Preliminary Response, ECF No. 12. Applicant has not replied to the Preliminary Response within the time allowed. The Court, therefore, will proceed to address the affirmative defenses raised by Respondent.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Applicant asserts that he was arrested on November 19, 2014, because of an alleged dirty urinalysis (UA) and subsequently returned to prison. Apr. 28, 2915 Application, ECF No. 5, at 2-3. He further asserts that his parole was wrongly revoked because another resident's name was on the UA. *Id.* Applicant seeks release from prison and money damages. (The sole remedy available in a habeas action is release, and money damages are premature pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).) Applicant also asserts that he filed a grievance over a month ago, but he has not received an answer. *Id.* at 5.

Respondent Chapdelaine asserts that Applicant was convicted of possession of dangerous drugs on December 9, 2014, *see* Prelim. Resp., ECF No. 12-2, Ex. B, and a parole rescission hearing was held on March 23, 2015, which resulted in the rescinding of Applicant's parole and regression to the DOC, *see id.* ECF No. 12-3, Ex. C.

Respondent Chapdelaine further asserts that issues concerning a Code of Penal Discipline charge and conviction should be addressed via a C.R.C.P. 106.5 case. *See* ECF No. 12 at 4-5. Furthermore, Respondent Chapdelaine contends that the Application should be denied because Applicant has failed to exhaust his state remedies regarding the rescission of his parole by filing either a state habeas petition in his criminal case or a separate state civil habeas action. *Id.* at 4-5.

Finally, Respondent Chapdelaine has provided the state court register for all of Applicant's criminal cases, Case No. 2008CR1503, 2008CR3514, 2009M1727, 2010CR2264, and 2010CR10176, and the search results of appellate court records for any appeals that Applicant may have filed. Prelim Resp., Exs. D, E and F, ECF Nos. 12-4, 12-5, and 12-6. None of the records provided by Respondent Chapdelaine indicate Applicant has filed a state court action regarding his recent parole revocation.

A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of

showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.' " *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Applicant has failed to respond to the affirmative defense raised in this action, and nothing he asserts in the Application demonstrates that he has exhausted all available state court remedies.  Therefore, the action will be dismissed for failure to exhaust state remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before pursuing a federal habeas corpus action.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED July 8, 2015, at Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court